CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Candice Clipner, Esq., 215379
Teni Zaman, Esq., 321557
Mark Potter, Esq., SBN 166317
Mail: 100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
mark@potterhandy.com

Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
09/26/2022 at 08:00:00 AM
Clerk of the Superior Court
By Treva Cutts, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

| | |
|---|---|
| **Chris Langer,**<br><br>  Plaintiff,<br><br>  v.<br><br>**Roya Nikzad PHD Allergy & Acupuncture, a Professional Corporation**; and Does 1-10,<br><br>  Defendant, | **Case No.** 37-2022-00042275-CU-CR-CTL<br><br>**UNLIMITED CIVIL CASE**<br><br>**Complaint for Damages and Injunctive Relief for Violations of**: Unruh Civil Rights Act and Unfair Competition Law.<br><br>**NOT RELATING TO A CONSTRUCTION-RELATED BARRIER AS DEFINED IN CAL. CIV. CODE § 55.3** |

Plaintiff Chris Langer ("Plaintiff") complains Roya Nikzad PHD Allergy & Acupuncture, a Professional Corporation; and Does 1-10 ("Defendant"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a disabled individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff is hard of hearing

1

Complaint

and needs closed captioning to consume audio content such as movies, videos or tutorials. Plaintiff is a California resident.

2. Defendant Roya Nikzad PHD Allergy & Acupuncture, a Professional Corporation ("Roya Nikzad PHD Allergy & Acupuncture and/or Clinic) owned or operated Roya Nikzad PHD Allergy & Acupuncture located in the County of San Diego, in August 2022.

3. Defendant Roya Nikzad PHD Allergy & Acupuncture owns or operates Roya Nikzad PHD Allergy & Acupuncture located in the County of San Diego County currently.

4. Defendant Roya Nikzad PHD Allergy & Acupuncture owned or operated Roya Nikzad PHD Allergy & Acupuncture website, with a root domain of: https://createwellnesslajolla.com/, and all related domains, sub-domains and/or content contained within it, ("Website") in August 2022.

5. Defendant Roya Nikzad PHD Allergy & Acupuncture owns or operates the Website currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. This Court has subject matter jurisdiction over this action as a court of

Complaint

general jurisdiction. This Court has personal jurisdiction over Defendants because they conduct substantial business in the State of California, County of San Diego, and Defendants offending Website is available throughout California.

8. Venue is proper in this Court because Defendant conducts business in this County.

9. Unlimited jurisdiction is proper because Plaintiff seeks a permanent injunction ordering compliance with the Americans with Disabilities Act.

**PRELIMINARY STATEMENT:**

10. This is a lawsuit challenging the accessibility of a website that provides benefits to customers of a place of public accommodation. All places of public accommodation must ensure full and equal access to all accommodations, advantages, facilities, privileges, goods, or services ("Benefits") offered by that place of public accommodation.

11. Websites are increasingly the most important benefit offered by businesses. The website is the primary conduit of and to commerce by public facing businesses, providing information about the services and goods provided at physical locations, as well as pricing and location information. For many businesses, the website is an entire alternative accommodation allowing a person the ability to patronize the business entirely from home.

12. However, the Department of Justice has recognized that the ways "websites are designed and set up can create unnecessary barriers that make it difficult or impossible for people with disability to use websites." United States Department of Justice, Guidance of Web Accessibility and the ADA (August 18, 2022). This non-compliance "keep people with disabilities from accessing information and programs that businesses...make available to the public online." *Id.*

Complaint

13. The DOJ has stated that these "barriers can be prevented or removed so that websites are accessible to people with disabilities." *Id.* Further, the DOJ asserts that all businesses open to the public must ensure that all of the ADA's equal access requirements apply to business websites. *Id.*

**FACTUAL ALLEGATIONS:**

14. Plaintiff is hard of hearing and is a member of a protected class under the ADA.

15. Plaintiff relies on subtitles and closed captioning to consume audio in recorded content.

16. Roya Nikzad PHD Allergy & Acupuncture offers privileges, advantages, accommodations, facilities, goods, or services ("Benefits") to the public out place of public accommodation in California as defined by the ADA. These benefits are generally available for public use.

17. The Website is one of the Benefits offered to customers and is a nexus between Roya Nikzad PHD Allergy & Acupuncture, a Professional Corporation customer and the physical place of public accommodation. The information on the website alone is a covered Benefit, allowing patrons to learn about goods and services as well as the business itself without leaving their home.

18. Plaintiff visited the Website with intent to partake in the Benefits of the place of public accommodation offered through the Website while confirming the accessibility of the Benefits offered by the Website and Roya Nikzad PHD Allergy & Acupuncture.

19. Among the benefits offered include details about Roya Nikzad PHD Allergy & Acupuncture itself, location and contact information; information about the prices, online bookings/appointments, deals and promotions.

20. Plaintiff visited the Website on or about August 2022 to look for

Complaint

information about the Roya Nikzad PHD Allergy & Acupuncture and Knee stem cell therapy clinic in San Diego and the scope of its services and work.

21. When Plaintiff attempted to view video content on the Website, he discovered that the videos lacked closed captioning, which made him unable to fully understand and consume the contents of the videos.

22. Plaintiff was denied full and equal access to the audio components of the video: "About Us"; "Brain Fog and insomnia NEAT treatment - Stephanie P.". As a result of this inaccessibility, he was unable to understand the content was deterred from further use of the Website.

23. Plaintiff asserts that any customer facing aspect of the Website, including videos were placed there intentionally and for a rational purpose. Those videos provide value independently as a separate benefit and failure to provide closed captioning provides an inherently disparate and unequal experience to disabled customers.

24. Currently, the Defendant either fail to provide an accessible website or Defendant have failed to maintain in working and useable conditions those website features required to provide ready access to persons with disabilities.

25. Despite multiple attempts to access the Website using Plaintiff's electronic device, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered by the Defendants as a result of the accessibility barriers on the website.

26. Plaintiff personally encountered accessibility barriers and has actual knowledge of them.

27. Plaintiff has been deterred from returning to the Website or further interest in the benefits of the physical place of public accommodation as a result of these prior experiences.

28. By failing to provide an accessible website, the Defendants denied Plaintiff full and equal access to the benefits offered to their customers.

Complaint

29. If the website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the website and find information on the Roya Nikzad PHD Allergy & Acupuncture and its services.

30. Plaintiff is a tester in this litigation and seeks future compliance with all federal and state accessibility laws. Plaintiff will return to the Website to avail himself of its benefits and to determine compliance with the disability access laws once it is represented to him that Roya Nikzad PHD Allergy & Acupuncture and Website are accessible.

31. Plaintiff is currently deterred from doing so because of Plaintiff's knowledge of the existing barriers and uncertainty about the existence of yet other barriers on the Website. If the barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.

32. Compliance with W3C Web Content Accessibility Guidelines ("WCAG") 2.0 AA standards is a viable remedy for these deficiencies and a standard that has been recommended by the United States Department of Justice and adopted by California courts for website accessibility.

33. The industry standards for website design are well-known and established. The Website was intentionally designed, and based on information and belief, it is the Defendants' policy and practice to deny Plaintiff access to the Website, and as a result, denies the goods and services that are otherwise available to patrons of Roya Nikzad PHD Allergy & Acupuncture.

34. Closed captioning can be provided at little cost, sometimes free or mere dollars per minute of video content.

35. Closed captioning is supported by numerous third-party hosting companies, including the one chosen by Defendants, and can be provided at little cost, sometimes free or mere dollars per minute of video content.

36. Closed captioning is a readily expected accommodation for audio

Complaint

information contained within video content and is required by industry guidelines. Further, captioning can be provided at little cost, sometimes free or mere dollars per minute of video content.

37. Given the prevalence of websites that have implemented these standards and created accessible websites, it is readily achievable to construct an accessible website without undue burden on Roya Nikzad PHD Allergy & Acupuncture or a fundamental alteration of the purpose of the Website.

38. Due to the failure to construct and operate the website in line with industry standards, Plaintiff has been denied equal access to Defendant's Roya Nikzad PHD Allergy & Acupuncture and the various services, privileges, opportunities and benefits offered to the public by Roya Nikzad PHD Allergy & Acupuncture

39. Given the nature of the barriers and violations alleged herein, the Plaintiff alleges, on information and belief, that there are other violations and barriers on the website, and/or at Roya Nikzad PHD Allergy & Acupuncture, that relate to Plaintiff's disability. In addition to the barriers personally encountered, Plaintiff intends to seek removal of all accessibility barriers on the Website. See *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier, they can sue to have all barriers that relate to their disability removed).

40. Plaintiff will amend the complaint, to provide further notice regarding the scope of the additional demanded remediation in the event additional barriers are uncovered through discovery. However, please be on notice that Plaintiff seeks to have all non-compliance remedied.

41. As the ADA has existed since 1990, and the facility is still non-compliant, Plaintiff alleges the above conditions are the result of either a policy failure or systematic negligence such that only regular audits of the facility architecture and policies will ensure future compliance.

Complaint

42. Plaintiff is currently deterred from returning to the clinic due to knowledge of the existing barriers and uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again. Plaintiff will return to the clinic after the conclusion of the case to avail herself of its benefits and to confirm compliance with the disability access laws once it is represented that the clinic and its facilities are accessible.

43. At the conclusion of this suit and after being informed that the barriers complained of have been removed, in furtherance of Plaintiff's tester motivations, Plaintiff intends to return to the business to confirm accessibility of the above conditions.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

44. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

45. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

46. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. *Cal. Civ. Code* § 51(f).

47. Both the ADA and through 51(f) the Unruh Act, provide for associational standing, i.e., persons who have a relationship or are known to associate with persons with disabilities can assert their right to be free from

discrimination under the ADA, including the right to equal access. 42 U.S.C. § 12182(b)(1)(E).

48. Plaintiff is an individual with a disability protected by federal and state anti-discrimination laws.

49. Plaintiff has been denied full and equal access to the use of the business.

50. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, goods, or services offered.

51. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. Cal. Civ. Code. § 52(a); Cal. Civ. Code § 55.56(a)-(c).

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of Plaintiff and against all Defendants.) Cal. Civ. Code § 54.1.

52. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The California Disabled Persons Act ("CDPA") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 54.1.

53. The CDPA provides that any violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 54.1(d).

54. Defendants' acts and omissions, as herein alleged, have violated the CDPA by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

Complaint

rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

55. Because the violation of the ADA resulted in a denial of full and equal access to the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. Cal. Civ. Code § 54.3.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to modify their Website to comply with WCAG 2.0 or high compliance. WCAG 2.0 compliance is recognized by the Department of Justice, the California Courts and the Ninth Circuit as a valid remedy for a denial of full and equal access.

2. For injunctive relief compelling Defendants to regularly assess their Website for ADA and/or WCAG 2.0+ compliance on an on-going basis due to the ready nature of websites allowing changes to occur on a constant basis that could result in a denial of full and equal access.

3. For injunctive relief requiring that all future audio-visual content be required to be closed captioned at the time it is uploaded or hosted for public view, and that the content be human-verified as having functional and accurate captions in the language spoken in the video to 95% accuracy. Any third-party maintained audio-visual content embedded in the Website which cannot be provided with captions shall have a transcript provided alongside the video.

4. For injunctive relief requiring implementation of accessibility policies and requiring annual employee training on providing full and equal access to clients or customers with disabilities.

Complaint

5. Further injunctive relief mandating no less than annual review of the Website to ensure accessibility for all public facing webpages.

6. Damages under the Unruh Civil Rights Act or California Disabled Persons Act, which provide for up to treble actual damages and a statutory minimum of $4,000 or $1,000 respectively per violation of each Act. While Plaintiff may prevail on each act individually, Plaintiff only seeks monetary recovery under whichever act results in the greatest damages, to be determined at trial.

7. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52.

Dated: September 24, 2022            CENTER FOR DISABILITY ACCESS

By: _____

Mark Potter, Esq.
Attorney for Plaintiff

Complaint