JODI D. THORP
CLARKE JOHNSTON THORP & RICE
*A Partnership of Professional Corporations*
State Bar No. 223663
180 Broadway, Suite 1800
San Diego, CA 92101
(619) 223-3169

Attorney for Defendant
ROYA NIKZAD PHD ALLERGY & ACUPUNCTURE,
A PROFESSIONAL CORPORATION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER, | Case No. 22CV02050 RBM-DDL |
| Plaintiff, | |
| V. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO DISMISS PLAINTIFF CHRIS LANGER'S COMPLAINT** |
| ROYA NIKZAD PHD ALLERGY & ACUPUNCTURE, A PROFESSIONAL CORPORATION, | |
| Defendant. | |

Defendant Roya Nikzad PHD Allergy & Acupuncture, A Professional Corporation ("Defendant") hereby submits the following Memorandum of Points and Authorities in support of its motion to dismiss the Complaint of Plaintiff Chris Langer ("Plaintiff").

**MEMORANDUM OF POINTS AND AUTHORITIES**

## 1.  INTRODUCTION AND SUMMARY OF RELIEF REQUESTED

This case regards Plaintiff's alleged inability to access two videos it claims were posted to Defendant's website due to their alleged lack of closed captioning. Plaintiff alleges he is hard of hearing and therefore disabled, which led to him suing Defendant on the grounds that Defendant's website was not only inaccessible to him, but also a violation the California Unruh Act and the California Disabled Persons Act ("CDPA"), both of which were premised on a violation of the American with Disabilities Act ("ADA").

From the outset, it should be noted that Defendant Chris Langer's complaint against Defendant Roya Nikzad, PHD Allergy and Acupuncture, a professional corporation, alleges the same basic claims that Langer raised in *Chris Langer versus The American Automobile Association*, *Inc*., 22-CV-1519-CAB. In that case, the Honorable Cathy A. Bencivengo, United States District Court Judge for the Southern District of California dismissed the case based on the same issues Defendant raises below under Civil Rule of Procedure 12(b)(6).  Defendant has included the complaint and order as persuasive authority for this Court's consideration. See *Exhibit A* (Order from AAA case and AAA complaint).

As a matter of law, Plaintiff's Complaint fails for several reasons. Firstly, Defendant's website is not a "place of public accommodation" within the meaning of the ADA. Secondly, Plaintiff has not and cannot allege a connection between the

videos on Defendant's website and the services provided at Defendant's place of business or the services he was seeking. Thirdly, Plaintiff has not and cannot allege facts that would establish intentional discrimination by Defendant. As a result, Plaintiff's Complaint must be dismissed in its entirety.

## 2.  RELEVANT ALLEGED FACTS

Plaintiff alleges he is hard of hearing, thereby requiring closed captions to consume audio content in movies, videos, and tutorials. (Complaint, ¶ 1.) Plaintiff alleges that in August 2022, he visited Defendant's website to look for information about Defendant's knee stem cell therapy clinic and the scope of its services and work. (Complaint, ¶ 20.) When he attempted to access videos on the website, he discovered that two videos unrelated to knee stem cell therapy lacked closed captioning. The videos Plaintiff complains of were titled "About Us" and "Brain Fog and insomnia NEAT treatment – Stephanie P."

Consequently, Plaintiff alleges he was unable to fully understand and consume the contents of the videos. (Complaint, ¶ 21.) Additionally, Plaintiff alleges that the lack of closed captioning deterred him from using Defendant's website any further. (Complaint, ¶ 22.)

On September 26, 2022, Plaintiff filed a Complaint in San Diego County Superior Court against Defendant for (1) violation of the Unruh Civil Rights Act; and (2) violation of the California Disabled Persons Act. In his Complaint, Plaintiff seeks

penalties under the Unruh Act and the Disabled Persons Act and injunctive relief under the American's with Disabilities Act, to include making the aforementioned videos accessible to those with impaired hearing. Plaintiff also seeks attorneys' fees and costs of suit.

On November 28, 2022, Plaintiff served Defendant with a copy of the Complaint, and on December 27, 2022, Defendant filed its Notice of Removal to this Court. Defendant now moves to dismiss Plaintiff's Complaint in its entirety.

**3.  PLAINTIFF FAILS TO STATE CAUSES OF ACTION AGAINST DEFENDANT FOR VIOLATION OF THE UNRUH ACT AND THE DISABLED PERSONS ACT, AND THEREFORE THE COMPLAINT MUST BE DISMISSED**

**A. Standard for a Motion to Dismiss**

Under Federal Rule 12(b)(6), a Motion to Dismiss tests the legal sufficiency of the claims alleged in a complaint. (See, *Parks Sch. Of Bus. V. Symington,* (51 F.3d 1480, 1484 (9th Cir. 1995).) Material factual allegations of a complaint are taken as true and construed in the light most favorable to the nonmoving party; however, courts are not bound to accept as true "a legal conclusion couched as a factual allegation." (*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).)

A claim can be dismissed as a matter of law for "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal theory." (*Robertson v. Dean Witter Reynolds Co.,* 749 F.2d 530, 534 (9th Cir. 1984).) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Bell Atl. Corp v. Twombly,* 550 U.S. 544 (internal citations omitted).) To defeat a Federal Rule 12(b)(6) motion to dismiss, a claim must be factually supported and plausible on its face; conclusory legal allegations and speculative inferences do not suffice. (*Ashcroft, supra,* 556 U.S. at 678).

Plaintiff's Complaint fails to demonstrate that Plaintiff is entitled to any relief under his first cause of action, violation of the Unruh Act, and second cause of action, violation of the Disabled Persons Act, because these causes of action either lack valid legal basis that would support the relief requested or Plaintiff's alleged facts in support of these causes amount to little more than conclusory allegations that this Court is not required to accept. Additionally, there are no facts available to Plaintiff that would permit him to state valid causes of action against Defendant based on alleged violations of the Unruh Act and Disabled Persons Act. For these reasons, Defendant's motion should be dismissed without leave for Plaintiff to amend his claims.

**B. Plaintiff's First Cause of Action for Violation of the Unruh Act Must Be Dismissed Because Plaintiff Cannot Allege a Violation of the Americans with Disabilities Act or Intentional Discrimination by Defendant**

Plaintiff alleges Defendant violated the Unruh Act by not providing closed captioning for the videos on its website. However, Plaintiff's claim fails as a matter of law because Defendant's website is not a "place of public accommodation" within the meaning of the Americans with Disabilities Act ("ADA"), and Plaintiff cannot allege Defendant intentionally discriminated against him based on his disability.

In order to state a cause of action for violation of the Unruh Act, Plaintiff must allege either: (1) facts establishing a violation of the ADA (*Cal Civ. Code Section 51(f));* or (2) "intentional discrimination in public accommodations." (*Munson v. Del Taco, Inc.* 46 Cal.4th 661, 668 (2009). Here, Plaintiff cannot allege facts amounting to a violation of the ADA or intentional discrimination by Defendant. Therefore, the Complaint must be dismissed.

**1.  Plaintiff Cannot Allege Defendant Violated the ADA Because Defendant's Website Is Not a Place of Public Accommodation**

Under Title III of the ADA, in order to prevail on a discrimination claim a plaintiff must show that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied a public accommodation by the defendant because of his disability." (*Cullen v. Netflix, Inc.* 880 F.Supp.2d 1017, 1023 (N.D. Cal. 2012) [quoting *Ariz, ex rel, Goddard v. Harkins Amusement Enters.,* 603 F.3d 666,670 (9th Cir. 2010)].)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF CHRIS LANGER'S COMPLAINT

It is settled in the Ninth Circuit that "place of public accommodation" within the meaning of the ADA are limited to actual, physical places. (*Weyer v. Twentieth Century Fox Film Corp.,* 198 F.3d 1104, 1114 (9th Cir. 2000).) In *Young v. Facebook, Inc.* 790 F.Supp.2d 1110, 1115 (N.D. Cal. 2011) the court held that "while Facebook's physical headquarters obviously is physical space, it is not a place where the online services to which Young claims she was denied access are offered to the public." (*Id.* at 1115) Similarly, in *Cullen, supra,* the court held that Netflix's streaming video library where viewers access videos with an internet connection was not a "place of public accommodation" within the meaning of the ADA. (*Cullen, supra,* 880 F.Supp.2d at 1024.)  Although the Ninth Circuit intentionally declined to address in  *Robles  v.  Domino's  Pizza,  LLC,* "whether the ADA covers the  websites or apps of  a  physical  place  of  public  accommodation  where  their inaccessibility does not impede access to the goods and services of a physical location, 913  F.3d  898,  905 n.6 (9th Cir. 2019),  since *Robles,* "numerous California district courts have found no nexus where the complaint failed to plead that web-based barriers impeded the  plaintiff  from  accessing  or  ordering  goods  or  services  from a  physical  location." *Erasmus v. Ryan A. Dunlop, D.M.D., Inc.*, No. 121CV01236AWISAB, 2022 WL 2805961,at *5 (E.D. Cal. July 18, 2022) (citing cases).  In *Chris Langer v. the American Automobile Association Inc.*, Judge Bencivengo found that the "allegations in these other district court cases are similar, and their reasoning is persuasive."  *Exhibit A* at Pg 5:12-13.

Here, Plaintiff alleges Defendant violated the ADA because videos appearing on Defendant's website were not closed captioned. However, according to Ninth Circuit precedent, Defendant's website is not, as a matter of law, a place of public accommodation. Conclusively, Plaintiff cannot allege elements of violation of the ADA.

Plaintiff will likely argue that there is a nexus between Defendant's website and services. However, the Complaint fails to allege facts sufficient to establish such a nexus and Plaintiff relies on the website as an independent benefit.

Based on Ninth Circuit precedent, the ADA can only apply to a website when "there is a 'nexus'" alleged between the challenged conduct and the defendant's "physical space." (*Nat'l Fed'n of the Blind v. Target Corp.,* 452 F. Supp.2d 946, 952 (N.D. Cal. 2006).) In the *Target* case, plaintiffs who were blind alleged that Target's website was inaccessible to blind customers. Specifically, plaintiffs argued there was a nexus between Target's website and the services provided in Target's brick and mortar stores sufficient to state a claim under Title III of the ADA. The court held that "to the extent that plaintiffs allege that the inaccessibility of Target.com impedes the full and equal enjoyment of good and services offered in Target stores, the plaintiffs state a claim. To the extent that Target.com offers information and services unconnected to Target stores, which do not affect the enjoyment of goods and

services offered in Target stores, the plaintiffs fail to state a claim under Title III of the ADA." (*Id.* At 956.)

In the case at hand, Plaintiff fails to explain any nexus between Defendant's alleged failure to close caption two videos and the services offered at Defendant's physical location. For example, Plaintiff does not allege that he intended to visit Defendant's San Diego office but could not due to the inaccessibility of the website. Nor does he allege that he was trying to use the website to order goods or services from the physical location of Defendant's business. Instead, Plaintiff merely suggests that the website's videos are themselves a service that he was prevented from accessing. The case law cited above makes clear that not just websites, but also the services offered on them, are *not* public accommodations that absent a nexus to a physical location. Therefore, Plaintiff's allegations that he had difficulty understanding videos on Defendant's website are not sufficient to allege injury under the ADA.

### 2.  Plaintiff Has Not Alleged Intentional Discrimination by Defendant

Here, this prong fails as Plaintiff has not alleged intentional discrimination by defendant. To prove intentional discrimination in violation of the Unruh Act, there must be allegations of "willful, affirmative misconduct," and the plaintiff must allege more than the disparate impact of a facially neutral policy on a particular group."

(*Cullen, supra,* 880 F.Supp.2d at 1024) In *Cullen,* plaintiff, who was deaf, alleged that Netflix violated the Unruh Act because only about 30% of the content offered in its streaming library included subtitles for subscribers with impaired hearing. The court granted Netflix's motion to dismiss, finding that plaintiff had not sufficiently alleged that Netflix intentionally discriminated against hearing impaired viewers. In reaching this decision, the court noted that to allege intentional discrimination, the plaintiff "must allege more than the disparate impact of a facially neutral policy on a particular group." (*Id.* at 1024-1025.)

Here, Plaintiff suggests that Defendant's alleged failure to close caption certain videos on its website had a disparate impact against users who are disabled due to hearing impairment. However, as discussed above, this is not enough to prove a violation of the Unruh Act. Rather, Plaintiff must allege facts proving intentional discrimination by Defendant. The Complaint does not include any such facts. Therefore, Plaintiff's Unruh Act cause of action against Defendant must be dismissed.

C. **Plaintiff's Claim Based on Violation of the Disabled Persons Act Fails Against the Defendant for the Same Reasons His ADA Cause of Action Fails**

The Disabled Persons Act provides that individuals with disabilities shall be entitled to "full and equal access, as other members of the general public, to accommodations, advantages, facilities… places of public accommodation,

amusement, or resort, and other places to which the general public is invited…" (*Cal. Civ. Code Section 54.1(a)(1).*)

"Full and equal access" is defined by *Civil Code* section 54.1 to mean access that complies with the regulations developed under the ADA, or under state statutes, if the latter impose a higher standard. (*Urhausen v. Longs Drug Stores California, Inc.,* 155 Cal.App.4th 254, 261 (2007).) In *Cullen, supra,* the court held that Netflix's video streaming service was not a place of public accommodation, and therefore plaintiff's cause of action under the ADA failed. (*Cullen, supra,* 880 F.Supp.2d at 1024.) The court also granted Netflix's motion to dismiss the independent cause of action based on violation of the Disabled Persons Act because plaintiff had not pointed to any relevant standards established by California law that exceeded those set by the ADA. (*Id.* at 1025.)

Similarly, in the present case, Plaintiff has not pointed to any relevant standards established by California law that exceed those set by the ADA. Because Plaintiff cannot state a claim for violation of Title III of the ADA, Plaintiff's cause of action for violation of the Disabled Persons Act also fails.

### 4. CONCLUSION

Plaintiff's Complaint fails to state any claims upon which relief can be granted with respect to Plaintiff's first cause of action for violation of the Unruh Act and second cause of action for violation of the Disabled Persons Act. Therefore,

1  Plaintiff's Complaint against Defendant should be dismissed with prejudice pursuant

2  to rule 12(b)(6) of the Federal Rules of Civil Procedure.

3

4

5

6  DATED: January 3, 2023

7

8                                                        _/s/ Jodi D. Thorp_
                                                         JODI D. THORP
9                                                        Attorney for the Defendant
                                                         ROYA NIKZAD PHD ALLERGY
10                                                       & ACUPUNCTURE, A
                                                         PROFESSIONAL CORPORATION
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF CHRIS LANGER'S COMPLAINT