UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>    Plaintiff,<br><br>v.<br><br>ROYA NIKZAD PHD ALLERGY & ACUPUNCTURE,<br><br>    Defendant. | Case No.:  3:22-cv-02050-RBM-DDL<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br><br><br>**[Doc. 9]** |

    Before the Court is Plaintiff Chris Langer's ("Plaintiff") Motion to Remand. (Doc. 9.) Defendant Roya Nikzad PHD Allergy & Acupuncture ("Defendant") has filed an Opposition (Doc. 12), and Plaintiff filed a Reply (Doc. 13). Additionally, Defendant filed a Sur-Reply. (Doc. 16.) For the reasons set forth below, the Motion to Remand is **GRANTED** and this case is **REMANDED** to state court.

### I. BACKGROUND

**A.  Procedural History**

    Plaintiff's Complaint was initially filed in San Diego Superior Court and then removed by Defendant to this Court. (Doc. 1.) Defendant's Notice of Removal asserts

this Court has subject matter jurisdiction based on federal question. (Doc. 1 at 2.[1]) Shortly after the case was removed, Defendant filed a Motion to Dismiss based on failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 7.) Plaintiff then filed the instant Motion to Remand requesting the Court remand the case back to state court. (Doc. 9.) Plaintiff argues the removal was improper because Plaintiff alleges no federal claims. (*Id.*)

      **B.**    **Plaintiff's Complaint**

The Complaint alleges two state-law claims: (1) violation of the Unruh Civil Rights Act, California Civil Code § 51 ("Unruh Act") (Compl. ¶¶ 44–51); and (2) violation of the California Disabled Persons Act, California Civil Code § 54.1 ("CDPA") (*id.* ¶¶ 52–55).

The Complaint alleges Plaintiff is hard of hearing and "relies on subtitles and closed captioning to consume audio and recorded content." (*Id.* ¶¶ 14–15.) Plaintiff explains he attempted to view video content on Defendant's website—"About Us" and "Brain Fog and insomnia NEAT treatment–Stephanie P," but the videos were inaccessible because they lacked closed captioning. (*Id.* ¶¶ 16–22, 26.) The Complaint asserts that because Defendant has failed to provide an accessible website in usable condition for people with disabilities, Plaintiff has been denied the use and enjoyment of the facilities, goods, services, and benefits offered by Defendants. (*Id.* ¶¶ 23–25, 28.) The Complaint further alleges Plaintiff has been deterred from Defendant's services because of the inaccessible website. (*Id.* ¶¶ 27, 29, 31.)

Additionally, the Complaint contends that the industry standards for website design are well-known, and Defendant's website was "intentionally designed, and based on information and belief, it is the Defendant's policy and practice to deny" website access, including low-cost closed captioning. (*Id.* ¶¶ 32–38.) Plaintiff seeks compliance with all federal and state accessibility laws and asserts that compliance with W3C Web Content

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

Accessibility Guidelines ("WCAG") 2.0 AA standards is a viable remedy for the deficiencies. (*Id.* ¶¶ 30, 32–33.) In the Prayer of the Complaint, Plaintiff seeks injunctive relief—ongoing compliance with WCAG 2.0+, that new video postings have closed captioning, employee training on access to customers with disabilities—statutory damages under the Unruh Act or CDPA, and reasonable attorney's fees, litigation expenses, and costs of suit under California Civil Code § 52 and 42 U.S.C. § 12205. (Doc. 1-2 at 10–11.)

## II.   LEGAL STANDARDS

### A.   Removal

A civil case brought in state court can be removed to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441. A removed case may be remanded for lack of subject matter jurisdiction at any time before final judgment. 28 U.S.C. 1447(c). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (Explaining narrow exceptions based on specific federal statutes and preemption).

"[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citation omitted); *Academy of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) ("Other than for cases under the Class Action Fairness Act of 2005 (CAFA), we strictly construe the removal statute against removal jurisdiction.") (citations omitted); *Gaus v. Miller*, 980 F.2d 564, 566 (9th Cir. 1992). Even though a plaintiff is generally the moving party on a motion to remand, "[t]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. Additionally, as the party asserting this Court has jurisdiction, Defendant has the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests

upon the party asserting jurisdiction.") "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

### B. Federal Question Jurisdiction

Defendant's Notice of Removal asserts this Court has subject matter jurisdiction based on federal question. (Doc. 1 at 2 (citing 28 U.S.C. § 1331).) "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted).

Federal courts have subject matter jurisdiction based on federal question over "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although federal question jurisdiction is generally based on the presence of a federal claim, "[a] case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983)). "However, the 'mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *Id.* (quoting *Merrell Dow Pharm. Inc v. Thompson*, 478 U.S. 804, 813 (1986)).

### III. DISCUSSION

Defendant argues this Court has subject-matter jurisdiction based on federal question because the Complaint alleges violations of the Americans with Disabilities Act ("ADA"), seeks injunctive relief, lacks intentional discrimination under state law, and the Complaint's prayer cites an attorney's fee provision under federal law. (Doc. 12 at 2–7.) Plaintiff argues allegations of ADA violations are insufficient to create federal question jurisdiction when only state law claims are asserted, including when injunctive relief is sought, and that a multitude of district courts have remanded cases like this one. (Doc. 9-1 at 4–6, Doc. 13 at 2–3.)

Plaintiff's Complaint does not assert any federal claims, only two state law claims. The question then is whether Plaintiff's state law claims arise under federal law for any of the reasons advanced by Defendant in attempting to meet its burden to establish federal question jurisdiction: (1) reliance on the ADA; (2) lacking intentional discrimination; (3) seeking injunctive relief; and (4) citation of federal statute in the prayer.

### A.   Reliance on ADA violations for State Law Claims

The Complaint does reference the ADA, including under each state claim. (Compl. ¶¶ 46, 53.)  However, Plaintiff's state claims being "premised on ADA violations do[es] not create federal question jurisdiction." *Rutherford v. La Jolla Riviera Apartment House LLC*, Case No. 19cv1349 JM (MDD), 2019 WL 6125255, at *2–3 (S.D. Cal. Nov. 19, 2019) (collecting cases finding state claims premised on ADA violations do not create federal question jurisdiction).

The Complaint asserts the Unruh Act and CDPA provide that a violation of the ADA is a violation of each state law.  (¶ 46 (citing Cal. Civ. Code § 51(f) (Unruh Act)), ¶ 53 (citing § 54.1(d) (CDPA)).)  However, Plaintiff's state law claims do not rely solely on violations of the ADA.  Not only do these state laws themselves provide alternative ways to violate them independent of the ADA, but the Complaint itself states as much by also relying on § 51(b) for the Unruh Act claim (Compl. ¶ 45) and § 54.1 for the CDPA claim (Compl. ¶ 52).  These are alternative and independent state law theories.  "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a *necessary element* of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) (emphasis added); *see also Wander*, 304 F.3d at 858 ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.") (citations omitted).

///
///
///

Additionally, despite Defendant's accusations that Plaintiff is engaging in "gamesmanship" and "purposefully try[ing] to divest this Court of jurisdiction" (Doc. 12 at 6), Plaintiff has simply filed a case asserting two state law claims and chosen not to assert any federal claims on the same basis. That is his choice. *See Rains*, 80 F.3d at 344 ("[Plaintiff] chose to bring a state claim rather than a [federal] claim, and was entitled to do so.") (citations omitted). Plaintiff has not omitted a "federal law *essential* to his claim or … cast[] in state law terms a claim that can be made *only* under federal law." *Id.* (Explaining artful pleading doctrine) (emphasis added). Rather, Plaintiff has brought state claims and relies on the violation of the ADA as an alternative basis for violation of the state claims along with a state law basis. Because this is not artful pleading, the Court need not recharacterize Plaintiff's state law claims as federal claims. *Id.* ("An artfully pleaded state law claim may be recharacterized as a federal claim by the court to which it is removed," but finding instead that defendant improperly rewrote "plaintiff's properly pleaded claim in order to remove it to federal court.").

Because Plaintiff's Complaint includes a state law theory that is not based on a violation of the ADA, and an ADA violation is not a necessary element of Plaintiff's state law claims, federal question jurisdiction is not established.

### B.   Intentional Discrimination

Defendant attempts to distinguish this case from the many others that have been remanded by arguing "Plaintiff has not pled intentional discrimination which is required to have a 'stand alone' Unruh violation." (Doc. 12 at 4.) Defendant asserts that without the ADA violation Plaintiff must prove intentional discrimination to prevail under the Unruh Act. Not only has Defendant not supported this assertion with any cases finding federal question jurisdiction on this basis, but numerous courts have rejected this argument in remanding similar cases. Some courts have engaged in a Rule 12(b)(6) analysis of the allegations of the Complaint to assess whether the plaintiff has alleged a plausible claim for intentional discrimination under the Unruh Act and found the plaintiffs have done so. *Thurston v. ClearPath Lending, Inc.*, Case No. SACV 18-2094 JVS (JDEx), 2019 WL

366405, at *2 (C.D. Cal. Jan. 28, 2019) (citing *Greater Los Angeles Agency for Deafness, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014)); *Martinez v. Adidas Am., Inc.*, Case No. EDCV 19-841 JGB (KKx), 2019 WL 3002864, at *4 (C.D. Cal July 9, 2019); *Rutherford*, 2019 WL 6125255, at *5 ("Although the words 'intentional,' 'willful,' or the like do not appear in the Complaint, Plaintiff nonetheless pleads a plausible claim for intentional discrimination."). Other courts have suggested the viability of intentional discrimination is not an issue to resolve in assessing federal question jurisdiction. *Arroyo v. Capitol Regency*, No. 2:21-cv-00983-KJM-KJN, 2012 WL 3737679, at *3 (E.D. Cal. Aug. 24, 2021) ("[T]his court is not convinced federal question jurisdiction exists simply because [Plaintiff] … does not allege intentional discrimination."); *Licea v. J&P Park Acquisitions, Inc.*, Case No. CV 19-68-R, 2019 WL 1296876, at *1 (C.D. Cal. Mar. 20, 2019) ("The [Unruh Act] may be violated in a number of ways, with an ADA violation being just one possibility. *See* Cal. Civ. Code § 51. Whether Plaintiffs have a viable claim under the [Unruh Act] is a question for the state court and has no bearing on the issue of federal jurisdiction.").

      Here, Plaintiff specifically pleads a claim under § 51(b), a separate provision of the Unruh Act that does not rely on an ADA violation. Additionally, the Complaint alleges Defendant intentionally designed its website without following well-known industry standards and has a practice and policy of denying website access despite the ability to provide access easily and at a low cost. (Compl. ¶¶ 32–38.) The Court finds these allegations and Plaintiff's reliance on state law provisions that are independent of the ADA provide an "alternative and independent … state law theory" sufficient that "federal question jurisdiction does not attach." *Rains*, 80 F.3d at 346; *see also Rutherford*, 2019 WL 6125255, at *2 ("[S]ection 51(b) guarantees specific rights to persons with disabilities and can serve as a basis for a claim independent of the ADA.") (citing *Munson v. Del Taco*, 208 P.3d 623, 627 (Cal. 2009) and *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012)).

### C.      Injunctive Relief

Defendant argues this Court has federal question jurisdiction because Plaintiff is seeking injunctive relief, including compliance with the ADA. (Doc. 12 at 2–6.) However, Defendant does not cite any cases where a court has actually found federal question jurisdiction existed because the plaintiff sought injunctive relief. Defendant relies on a footnote in *Pickern v. Best Western Timber Code Lodge Marianan Resort*, where the court indicates that injunctive relief premised solely on a violation of the ADA would create federal jurisdiction. 194 F.2d 1128, 1133 n. 5 (E.D. Cal. 2002). However, as discussed above, Plaintiff's claims are not premised solely on a violation of the ADA. (*See* III.A.1.) "Unlike the situation referenced in *Pickern*, … Plaintiff's Unruh Act claim for injunctive relief is not based solely on a violation of the ADA; he also alleges that Defendant's conduct violates the Unruh Act based on the act's own provisions." *Rios v. New York and Co., Inc.*, Case No. 2:17-cv-04676-ODW (AGRx), 2017 WL 3575220, at *2 (C.D. Cal. Aug.17, 2017); *see also Castillo v. Lundt and Sprungli USA Inc.*, Case No. 2:19-cv-08483-SVW-KS, 2019 WL 6910354, at *2 (C.D. Cal. Dec. 18, 2019) (Describing this finding in *Pickern* as a hypothetical situation where there was no independent state law basis for jurisdiction under the Unruh Act); *see also ClearPath*, 2019 WL 366405, at *3 ("[T]he crucial difference between that theoretical scenario and the case at bar is that Plaintiff alleges multiple theories upon which Defendant may be liable.").

Here, "[t]his court follows the substantial weight of district court precedent holding that a claim for injunctive relief potentially premised on ADA violations incorporated into the Unruh Act does not create federal jurisdiction." *Castillo*, 2019 WL 6910354, at *2 (citing *Rutherford*, 2019 WL 6125255, at *3–4 and *ClearPath*, 2019 WL 366405, at *4). "[T]here is no good reason to deviate from the multitude of other district courts finding that Unruh Act claims premised on the ADA, including those seeking injunctive relief, are outside the court's federal question jurisdiction." *Rutherford*, 2019 WL 6125255, at *4.

Plaintiff's request for injunction relief does not create federal question jurisdiction.

### D. Citation of 42 U.S.C. § 12205

Plaintiff's erroneous[2] citation of a federal attorney's fee provision, 42 U.S.C. § 12205, in the Prayer also does not create federal question jurisdiction. Defendant argues the citation of a federal statute in the Prayer creates federal question jurisdiction because it means Plaintiff is asserting an ADA claim. (Doc. 12 at 3–4.) Defendant also argues in its Sur-Reply that "Plaintiff has conceded that this court has subject-matter jurisdiction over the current Complaint" because Plaintiff indicates the citation was in error and he is willing to amend the Complaint to remove the citation but has not filed a motion for leave to amend the Complaint." (Doc. 16 at 2–3.)

However, Defendant cites no cases in support of finding federal question jurisdiction based on citation in a prayer when there are no federal claims. Defendant asserts courts can consider prayers in assessing jurisdiction, (Doc. 12 at 3), but the cases cited are not assessing federal question jurisdiction. Two of the cases relied on are looking to the prayer only for purposes of the amount in controversy for diversity jurisdiction, not for federal question. *Quinonez v. FCA US LLC*, No. 2:19-cv-2032-KJM, 2020 WL 339756, *3 (E.D. Cal. June 19, 2020); *Gillings v. Time Warner Cable LLC*, Case No. CV 10-5565 AG (RNBx), 2011 WL 13273074, *3 (C.D. Cal. Jan. 6, 2011). The third case cited discusses the prayer only to note it includes legal damages for purposes of abstention principles. *Ng v. Wells Fargo Bank, N.A.*, Case No. 12-cv-05630 NC, 2012 WL 12921072, *2 (N.D. Cal. Nov. 27, 2012).

Defendant has not carried its burden in establishing federal question jurisdiction based on this citation when there are no federal claims in the Complaint. In the absence of any federal claims, "[a] request for attorney's fees cannot be a basis for federal jurisdiction." *Carter v. Health Net of Cal.*, 374 F.3d 830, 834 (9th Cir. 2004) (Explaining that "[t]he valid exercise of federal question jurisdiction … depend[s] upon the substantive

---

[2] Plaintiff's Reply brief indicates that citation of this statute in the Prayer was an error. (Doc. 13 at 2.)

claims raised" and "if the district court lacked jurisdiction over the petition, it could not have exercised jurisdiction based on the request for fees."); *see also Pelloni v. WE: Women's Ent. Network*, No. CV 08-5612-GPS (AGRx), 2008 WL 4501845, at *4–5 (C.D. Cal. Oct. 5, 2008) (Addressing a federal attorney's fee provision in the prayer and finding "the fact that it was included in the prayer for relief does not change the nature of the claims and the federal questions they do or do not present."). The *Pelloni* court also acknowledges the argument that Defendant makes here, "a sort of reverse incorporation" where the mention of the federal statute in the prayer suggests "there were indeed federal claims being brought." 2008 WL 4501845, at *5. However, after noting the Ninth Circuit's policy to construe any doubt *against* removal, the court finds this does not create federal question jurisdiction. *Id.*; *see also Thurston v. Container Store, Inc.*, Case No. 5:16-cv-02658-SVW-DTB, 2017 WL 658806, at *3 (C.D. Cal. Feb. 16, 2017) (Finding "it is ambiguous … whether the ADA's relation to the Plaintiff's state cause of action meets the standard for federal question jurisdiction when the claim is not brought under the ADA directly" and remanding because "the court resolves all ambiguity in favor of remand to the state court.") (quoting *Hunter*, 582 F.3d at 1042). The Court finds Defendant has not established federal question jurisdiction based on this citation in the prayer and even if the Court found it ambiguous, that ambiguity favors remand.

None of the reasons advanced by Defendant create federal question jurisdiction over Plaintiff's state law claims.

## IV.  CONCLUSION

Plaintiff's Motion to Remand is **GRANTED** and the case is **REMANDED** to the Superior Court of California for the County of San Diego. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated:  September 12, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE